Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KIRK SKINNER, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | 1. DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT |
| NEWMONT MINING CORPORATION, a Delaware Corporation; NEWMONT GOLD COMPANY, a Delaware Corporation; NEWMONT USA LIMITED, a Delaware Corporation; NEWMONT VENTURES LTD, | 2. RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT |
| Defendants. | JURY DEMAND |

Plaintiff KIRK SKINNER ("Plaintiff" or "Skinner") alleges as follows:

1. This action is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (hereinafter "ADA").  Jurisdiction is predicated under this code section as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. At all relevant times, Defendants NEWMONT MINING CORPORATION, a

1

Delaware Corporation; NEWMONT GOLD COMPANY, a Delaware Corporation; NEWMONT USA LIMITED, a Delaware Corporation; NEWMONT VENTURES LTD (hereinafter "Newmont" or "Defendant") employed twenty (20) or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and they are therefore subject to the provisions of the ADA.

    3.    The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

    4.    Plaintiff, Skinner, is a citizen of the United States and currently is a resident of the State of Arizona, County of Mohave and City of Kingman.

    5.    Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Elko, Nevada by Newmont. Defendant is an employer within the meaning of *42 USC §12111(5)(A)*.

## EXHAUSTION OF REMEDIES

    6.    Plaintiff timely filed "Charges of Discrimination" with the Nevada Equal Right Commission ("NERC") and the Equal Employment Opportunity Commission ("EEOC") and was issued a Notices of Right to Sue by the EEOC on June 19, 2018, copies of which are attached to Plaintiff's Complaint as Exhibit "A".

## STATEMENT OF FACTS

    7.    Plaintiff worked for Defendant as an Underground Mobile Mechanic from February 19, 2007 until he was discharged on or about October 31, 2017. He started as a level 4, was promoted to a level 5 in September of 2007 and a level 6 in June of 2008. In this position Skinner was responsible for maintaining and repairing underground mobile equipment.

    8.    On October 26, 2016, Plaintiff emailed Employee Relations Representative Dennis Zimmerman and told him that because of a disability to his back, among other things, he needed

accommodations regarding the lifting aspects of his job.

9. On October 27, 2016 Zimmerman took Skinner off work and told him he needed to have a fitness for duty exam performed by an occupational doctor before her could return back to work.

10. Plaintiff did see a physician and the physician released Skinner back to work with a 50 pound lifting restriction but because Defendant claimed that being able to lift 100 pounds was an essential function on the job, Plaintiff was put on a medical leave of absence until his doctor released him back to work duty with no restriction.

11. Skinner believes he could have returned to work with reasonable accommodations at this point. He bases this on the fact that only about 1% to 5% of his job required him to lift over 50 pounds and he could have gotten help from other team members when needed. Plaintiff could have also used machinery; including cranes, forklifts, pallet jacks and carts, to help him lift objects over 50 pounds when needed.

12. In addition Plaintiff believes there were alternative jobs that he could have performed with or without accommodations, including but not limited to, Tool Room Attendant, Lube Truck Operator, Wash Bay Attendant, Mobiltronic Technician and Parts Expediter. Skinner knows of other employees who were accommodated with alternative jobs when they became disabled.

13. Because Newmont continued to refuse to accommodate Plaintiff's disability, Skinner filed a complaint with the NERC on January 11, 2017.

14. Defendant still refused to accommodate Plaintiff's disability and on or about October 31, 2017 Skinner's employment with Defendant was terminated because he was not released back to work without restrictions within 52 weeks of when he started his leave of absence, in violation of Newmont's medical leave policy.

///

///

**FIRST CAUSE OF ACTION**

**(For Disability Discrimination and Failure to**

**Accommodate in Violation of the ADA)**

15. Plaintiff Skinner incorporates the allegations set forth in paragraphs 1 through 14, inclusive, as if fully set forth herein.

16. Plaintiff was diagnosed with physical impairments including degenerative disc disease, disc herniation, back pain, numbness in right foot and leg, left arm pain and left finger numbness, among other things.

17. These physical impairments substantially limited Skinner in major life activities including caring for himself, performing manual tasks, sleeping, standing, walking, bending, lifting and crawling, among other major life activities. This made Skinner disabled under the ADA.

18. Once Newmont determined Plaintiff was disabled under the ADA, they had a mandatory duty under the law to interact with Skinner to find him a reasonable accommodation.

19. Since it was determined by Plaintiff's doctor that he was not released to come back to work without restrictions as of October 30, 2017, Defendant had a duty under the law to extend Skinner's medical leave of absence until he was able to return to his job without restrictions unless it would have resulted in an indefinite leave of absence or it would have caused an undue hardship to Defendant. (It should be noted that Plaintiff was never given a chance to go on Family Medical Leave.)

20. In addition, Newmont had a mandatory duty to interact with Plaintiff to try to find Skinner an alternative job he could do with his work restrictions.

21. As set forth above, Plaintiff could have been given accommodations to perform his regular job by having team members help his to lift objects over 50 pounds or by using machinery including cranes, forklifts, pallet jacks and carts to help lift objects over 50 pounds when needed.

22. Further Skinner could have been given an alternative job that he could have

performed with or without accommodations, like other employees who became disabled were given in the past.

23. Thus because Newmont chose not to follow existing law and accommodate Skinner's disabilities, and instead chose to terminate Plaintiff's employment on or about October 31, 2017, they are liable to Plaintiff for damages and other relief under the ADA.

24. As a direct, foreseeable, and legal result of the Defendant's disability discrimination, including failing to accommodate Plaintiff's disability and ultimately terminating Plaintiff because of his disability, Skinner has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

25. As a further direct, foreseeable, and legal result of the Defendant's disability discrimination, including failing to accommodate Plaintiff's disability and ultimately terminating Plaintiff because of his disability, Skinner has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

26. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

27. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

28. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (Retaliation in Violation of the ADA)

29. Plaintiff Skinner incorporates the allegations set forth in paragraphs 1 through 28, inclusive, as if fully set forth herein.

30. This cause of action is brought pursuant to the ADA as it involves a claim by Plaintiff for retaliation which is governed by the ADA.

31. As set forth herein above, Skinner filed a Charge of Discrimination with NERC on January 11, 2017 because of Newmont's continued refusal to accommodate Plaintiff's disability.

32. It is believed and alleged that Defendant retaliated against Plaintiff, by among other things, terminating his employment on or about October 31, 2017 for continuing to ask for accommodations for his disabilities and for filing a Charge of Discrimination with NERC on January 11, 2017.

33. As a direct, foreseeable, and legal result of this retaliation by Defendant, Plaintiff has suffered overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

34. As a further direct, foreseeable, and legal result of Defendant's retaliation, Plaintiff has suffered crying attacks, embarrassment, being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the court, to be proven at the time of trial.

35. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

36. Plaintiff claims the damages alleged herein, together with prejudgment interest as

1 provided by law, in a sum according to proof at trial.

2     37.    Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Skinner demands judgment against Defendant as follows:

1. Declaring that the acts and practices complained of herein are a violation of the ADA;

2. Enjoining and permanently restraining the violations by Defendant of the ADA;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5. For punitive damages;

6. For attorney's fees and costs in an amount determined by the court to be reasonable;

7. For pre-judgment interest on all damages; and

8. For any other and further relief that the Court considers proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED:  09/14/2018          LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
     Michael P. Balaban
     LAW OFFICES OF MICHAEL P. BALABAN
     10726 Del Rudini Street
     Las Vegas, NV  89141

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE

EEOC Form 161-B (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Kirk Skinner
2973 East Casa Bonita
Kingman, AZ 86409

From: Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2017-00120 | Karrie L. Maeda, State & Local Coordinator | (213) 894-1100 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Rosa M. Viramontes_ (signature)

Rosa M. Viramontes,
District Director

June 19, 2018
(Date Mailed)

Enclosures(s)

cc: Nancy Lipson
Associate General Counsel
NEWMONT VENTURES LIMITED
6363 South Fiddler's Circle Suite 800
Greenwood Village, CO 80111

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Kirk Skinner
2973 E. Casa Bonita
Kingman, AZ 86409

From: Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2018-00251 | Karrie L. Maeda, State & Local Coordinator | (213) 894-1100 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

/s/ Rosa M. Viramontes

Rosa M. Viramontes,
District Director

June 19, 2018
(Date Mailed)

Enclosures(s)

cc: Nancy Lipson
Associate General Counsel
NEWMONT VENTURES, LTD
6363 South Fiddler's Green Circle, Suite 800
Greenwood Village, CO 80111