UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KIRK SKINNER, | Case No. 2:18-cv-01787-KJD-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| NEWMONT MINING CORP., a Delaware Corp.; NEWMONT GOLD COMPANY, a Delaware Corp.; NEWMONT USA LIMITED, a Delaware Corporation; NEWMONT VENTURES LTD., | |
| Defendants. | |

Before the Court is Defendant Newmont USA Limited's[1] Motion to Dismiss (#4).

Plaintiff Kirk Skinner filed a response (#10) to which Newmont USA replied (#15). Also, before

the Court is Newmont USA's Motion for Intradistrict Transfer (#5) to which Skinner responded

(#11), and Newmont USA replied (#13).

I.     **Background**

A.  Factual Background

Kirk Skinner worked as an Underground Mobile Mechanic for ten years before Newmont

USA terminated him. ECF No. 1, ¶ 7. As an Underground Mobile Mechanic, Skinner was

responsible for maintaining and repairing underground mobile equipment. Id. In October of

2016, Skinner discovered that he had a disability in his back that caused pain when lifting heavy

objects. Id. at ¶ 8. On October 26, 2016, Skinner emailed Newmont USA's Employee Relations

---

[1] The other three defendants, Newmont Mining Corporation, Newmont Gold Company, and Newmont Ventures LTD, have asserted that they are not Skinner's employer. For the reasons discussed below, the Court construes all references to "Newmont" in the Complaint and other filed documents as referring to Newmont USA (unless otherwise shown) because it is the only entity that maintained an employer-employee relationship with Skinner.

Representative, Dennis Zimmerman, to request accommodations regarding the lifting aspects of his job because of the injury to his back. Id. The next day, Zimmerman sent Skinner to have a fitness-for-duty exam performed by a doctor before he could return to work. Id. at ¶ 9. The physician released Skinner back to work with a 50-pound lifting restriction. Id. at ¶ 10. However, Newmont USA claimed that being able to lift 100 pounds was an essential function of the job. Id. Newmont USA then placed Skinner on a medical leave of absence until his doctor released him back to work with no lifting restriction. Id.

While Skinner was on medical leave, Newmont USA refused to provide any lifting accommodations, such as allowing Skinner to ask coworkers for assistance or using machinery to lift objects over 50 pounds. Id. at ¶¶ 13, 21. On October 31, 2017, after Skinner continued to ask for accommodations for his disability, Newmont USA terminated his employment because he was not released back to work within 52 weeks of the beginning of his medical leave of absence, in violation of Newmont USA's medical leave policy. Id. at ¶¶ 14, 32.

### B. Procedural Background

On January 11, 2017, Skinner filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) against Newmont Ventures LTD, alleging his employer discriminated against him after he reported he had disability to his back. Id. at ¶ 13; ECF No. 4 at Ex. 2. After his termination, on February 22, 2018, Skinner filed a second Charge of Discrimination against Newmont Ventures LTD. ECF No. 4 at Ex. 3. The EEOC did not pursue a suit on Skinner's behalf, but it issued him a Notice of Right to Sue on June 19, 2018. ECF No. 1, ¶ 6. Skinner filed suit on the claims from both charges on September 14, 2018. Id. On October 24, 2018, all Defendants filed a Motion to Dismiss on various grounds, and Newmont USA filed a Motion for Intradistrict Transfer, as detailed below. ECF Nos. 4-5.

## II. Legal Standard

### A. FRCP 12(b)(1)

When reviewing a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court is not restricted to the face of the pleadings, but may review all evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. Bland v.

1    Fessler, 79 F.3d 942, 946 (9th Cir. 1996). An attack on subject matter jurisdiction may be facial

2    or factual. Edison v. U.S., 822 F.3d 510, 517 (9th Cir. 2016). In a factual attack, the challenger

3    disputes the truth of the allegations that, by themselves, would otherwise invoke federal

4    jurisdiction. Id. In resolving a factual attack on jurisdiction, the Court may review evidence

5    outside of the complaint without converting the motion to dismiss into a motion for summary

6    judgment. In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1236 (9th Cir. 2008).

7            B.  FRCP 12(b)(6)

8            A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief

9    can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and

10   plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2);

11   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed

12   factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the

13   elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662 678 (2009). "Factual allegations

14   must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

15   Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to

16   'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678.

17           In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply

18   when considering a motion to dismiss. First, a district court must accept as true all well-pled

19   factual allegations in the complaint; however, legal conclusions or mere recitals of the elements

20   of a cause of action, supported only by conclusory statements, are not entitled to the assumption

21   of truth. Id. at 678. Second, a district court must consider whether the factual allegations in the

22   complaint allege a plausible claim for relief. Id. at 679. A claim is facially plausible when the

23   plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the

24   defendant is liable for the alleged misconduct. Id. at 678. Further, where the complaint does not

25   permit the court to infer more than the mere possibility of misconduct, the complaint has

26   "alleged—but it has not show[n]—that the pleader is entitled to relief." Id. at 679 (internal

27   quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from

28   conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.

1   Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in

2   the light most favorable to the plaintiff." Williams v. Gerber Products Co., 552 F.3d 934, 937

3   (9th Cir. 2008).

4        **III.    Analysis**

5              A.  Newmont USA's Motion to Dismiss

6                  *1.  Failure to Exhaust Administrative Remedies*

7        The Newmont defendants first argue that Skinner failed to exhaust his administrative

8   remedies as to Newmont Mining Corporation and Newmont Gold Company. "Title VII

9   claimants generally establish federal court jurisdiction by first exhausting their EEOC

10  administrative remedies." Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir. 1990). ADA plaintiffs

11  must follow the same procedures set forth in Title VII. See 42 U.S.C. § 12117(a). A plaintiff's

12  failure to name a party in an EEOC charge deprives a court of jurisdiction over that party

13  because the party would not have had an opportunity to respond to the charges before the EEOC.

14  Ranza v. Nike, Inc., 793 F.3d 1059, 1076 (9th Cir. 2015). There is an exception, however, when

15  an unnamed party should have anticipated that it would be named in the suit. Id.

16       Skinner filed suit against four defendants but only listed one of them in his EEOC

17  charges: Newmont Ventures LTD. See ECF No. 4 at Exs. 2-3. Skinner did not name Newmont

18  Mining Corporation or Newmont Gold Company in the charge, so these parties did not have an

19  opportunity to respond to Skinner's EEOC charges of discrimination and retaliation. For the

20  reasons discussed below, Newmont Mining Corporation and Newmont Gold Company also

21  likely had no reason to anticipate that Skinner would name them in the suit. Therefore, the Court

22  dismisses Newmont Mining Corporation and Newmont Gold Company.

23                  *2.  Newmont USA's 12(b)(1) Motion*

24       Throughout his Complaint, Skinner failed to differentiate between the four entities that he

25  claimed violated the ADA. See generally ECF No. 1. In fact, Skinner lumps all four defendants

26  into one group whom he identifies simply as "Newmont." Id. at ¶ 2. Newmont USA argues it is

27  the only entity that had an employer-employee relationship with Skinner. Because the other three

28  entities did not employ Skinner, and he failed to differentiate between the defendants in his

1  Complaint, the Court does not have subject matter jurisdiction over them.

2        When considering a motion to dismiss for lack of subject matter jurisdiction, the district

3  court is not restricted to the face of the pleadings but may resolve factual disputes concerning the

4  existence of jurisdiction using other evidence the parties present. McCarthy v. U.S., 850 F.2d

5  558, 560 (9th Cir. 1988). In their Motion to Dismiss, each of the Newmont entities agree that

6  Newmont USA is the only proper party to this litigation because it was the only entity that

7  employed Skinner. See ECF No. 4 at 6. In his response to the Motion to Dismiss, Skinner failed

8  to present any evidence supporting his claim that all named parties were his previous employers.

9  See generally ECF No. 10.

10        The Newmont entities, on the other hand, presented Vice President and Legal Counsel for

11  Newmont USA Gavin C. Jangard's Declaration in support of their claim. Jangard testified that

12  Skinner's only employer was Newmont USA. ECF No. 4 at Ex. 1, ¶ 3. According to the

13  evidence before the Court, only Newmont USA employed Skinner. The other three Newmont

14  entities, Newmont Mining Corporation, Newmont Gold Company, and Newmont Ventures LTD,

15  did not employ Skinner. Accordingly, the Court lacks subject matter jurisdiction over them.

16  Therefore, Newmont Mining Corporation, Newmont Gold Company, and Newmont Ventures

17  LTD are dismissed without prejudice.

18        *3. 12(b)(6) Motion*

19        Having determined that the Court's subject matter jurisdiction is limited to Newmont

20  USA, the Court is left with Skinner's claims against that entity only. Skinner brought two claims

21  against Newmont USA: retaliation and discrimination in violation of the ADA. The Court turns

22  first to Skinner's retaliation claim.

23        *a. Retaliation*

24        Newmont USA claims that Skinner failed to state a retaliation claim because he did not

25  allege a causal link between his protected activity and subsequent termination in his Complaint.

26  ECF No. 4 at 11. To establish a prima facie claim for retaliation under the ADA, Skinner must

27  show that (i) he engaged in a protected activity, (ii) he suffered an adverse employment action,

28  and (iii) there was a causal link between the two. Pardi v. Kaiser Permanente Hosp., Inc., 389

F.3d 840, 849 (9th Cir. 2004). The ADA requires a plaintiff to show but-for causation to establish a causal link. UMG Recordings, Inc. v. Shelter Capital Partners LLC, 718 F.3d 1006, 1017 n.7 (9th Cir. 2013). But-for causation is often indicated by the words "by reason of" and "because of." Id. Although a long temporal gap between the protected activity and adverse employment action may make it more difficult to show causation, circumstantial evidence of a pattern of antagonism following a protected activity can also give rise to the inference of a causal link. Porter v. Cal. Dep't of Corr., 419 F.3d 885, 895 (9th Cir. 2005). A plaintiff can "plead himself out of a claim" if he includes unnecessary details that contradict his claims. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

Newmont USA does not challenge the first two elements of the retaliation claim: Skinner clearly engaged in protected activity when he filed charges with the EEOC and NERC, and he suffered an adverse employment action when Newmont USA terminated him. The dispute lies in whether there is a causal link between these two events. Skinner stated that he was terminated on October 31, 2018, for continuing to ask for accommodations and for filing a Charge of Discrimination with the EEOC and NERC on January 11, 2017. ECF No. 1, ¶ 32.

Newmont USA argues that a period of nine months is too long to establish a causal link. ECF No. 4 at 14. While causation may be inferred based on temporal proximity, the time frame must be "very close." Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001). Because nine months is too long to establish causation per se, Skinner must show but-for causation by some other means. The Court looks to the Complaint to determine if Skinner has shown but-for causation or if Newmont USA displayed a pattern of antagonism toward Skinner during the nine-month period in question. See Porter, 419 F.3d at 895. Skinner asserted that Newmont USA terminated him because he engaged in protected activity, but he showed no support for this claim. ECF No. 1, ¶ 32. Skinner only indicated that he "continue[d] to ask for accommodations" in the time between filing his Charge and his termination, but he did not include any specific dates in which Newmont USA refused to accommodate. Id. He also made no other claim that Newmont USA antagonized him or engaged in any egregious behavior.

Furthermore, Skinner's own Complaint contradicts his claim that he was improperly

terminated. See id. at ¶ 14. He specifically alleged that Newmont USA terminated his

employment "*because* he was not released back to work without restrictions within 52 weeks of

when he started his leave of absence, *in violation of Newmont [USA]'s medical leave policy*." Id.

(emphasis added). Skinner did not establish a causal link between his protected activity and his

subsequent termination when he indicated that Newmont USA terminated his employment

*because of* its medical leave policy. See UMG Recordings, 718 F.3d at 1017 n.7. Newmont

USA's company medical leave policy does not constitute retaliation because the 52-week

restriction applied to all employees. Thus, Skinner failed to show that, but for his charge against

Newmont USA, he would not have been terminated. Instead, he showed that Newmont USA

terminated him when he violated its policy, effectively defeating his prima facie claim for

retaliation. Id. Accordingly, the Court dismisses Skinner's retaliation claim with prejudice.

### b. *Discrimination*

Next, Newmont USA claims that Skinner failed to state a claim of discrimination because

he lacked the ability to perform the essential functions of his job, and Newmont USA terminated

him for a legitimate reason as a result. ECF No. 4 at 15-16. To establish a prima facie claim for

disability discrimination or failure to accommodate under the ADA, Skinner must show (i) he is

disabled within the meaning of the ADA, (ii) he is a qualified individual capable of performing

the essential functions of the job with reasonable accommodation, and (iii) he suffered an

adverse employment action because of his disability. Samper v. Providence St. Vincent Med.

Ctr., 675 F.3d 1233, 1237 (9th Cir. 2012). The Ninth Circuit has ruled that employers have a

mandatory duty to engage in an interactive process to accommodate an employee who notifies

the employer of his (i) disability and (ii) desire for accommodation. Barnett v. U.S. Air, Inc., 228

F.3d 1105, 1114 (9th Cir. 2000), vacated on other grounds by U.S. Airways, Inc. v. Barnett, 535

U.S. 391 (2002). "The interactive process requires (i) direct communication between the

employer and employee to explore in good faith the possible accommodations, (ii) consideration

of the employee's request, and (iii) offering an accommodation that is reasonable and effective."

Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1089 (9th Cir. 2002).

The parties do not dispute that Skinner is disabled within the meaning of the ADA. He

clearly outlined his diagnosis and injury, and he stated that his physical impairments

substantially limited his major life activities. ECF No. 1, ¶ 17. The remaining two elements are

in dispute.

First, Skinner pled in his Complaint that he is a qualified individual capable of

performing the essential functions of his job with reasonable accommodation. After Skinner's

doctor released him to back to work with a 50-pound lifting restriction, Newmont USA placed

him on a medical leave of absence, claiming that being able to lift 100 pounds is an essential

function of his job. Id. at ¶ 10. When Skinner informed Newmont USA of his disability and

sought accommodations, Newmont USA had a mandatory duty to engage in an interactive

process to provide Skinner with accommodations. See Barnett 228 F.3d at 1114; ECF No. 1, ¶ 8.

Neither party showed that Newmont USA engaged in an interactive process to accommodate, but

Skinner stated that Newmont USA merely put him on a medical leave of absence when it learned

about the extent of his injury. ECF No. 1, ¶ 10. Skinner stated that his job required him to lift

over 50 pounds only 1% - 5% of the time. Id. at ¶ 11. He asserted in his Complaint that

Newmont USA could have given him several accommodations to perform the essential functions

of his job, such as allowing him to use machinery to lift objects heavier than 50 pounds or asking

for assistance from other workers. Id. He also claimed that Newmont USA could have assigned

him to perform alternative jobs. Id. at ¶ 12. Because the Court construes the Complaint in the

light most favorable to Skinner at this stage of the litigation, the Court agrees that the

accommodations Skinner desired were reasonable. See Williams, 552 F.3d at 937. Therefore,

Skinner is a qualified individual capable of performing the essential functions of his job with

reasonable accommodation.

Second, Skinner claimed that he suffered an adverse employment action because of his

disability when Newmont USA failed to accommodate him for 52 weeks and subsequently

terminated his employment because his medical leave of absence was too long. ECF No. 1, ¶ 14.

Skinner argued that he could have returned to work if Newmont USA had given him lifting

accommodations, but Newmont USA's failure to accommodate led Skinner to violate company

policy (by having an extended medical leave of absence) and be terminated. Id. at ¶ 11. Skinner's

claim is facially plausible because he alleged that Newmont USA's failure to accommodate led to his termination, and this allows the Court to draw a reasonable inference that Newmont USA could be liable for discriminating against him. See Iqbal 556 U.S. at 678. Accordingly, Newmont USA's Motion to Dismiss Skinner's claim of discrimination or failure to accommodate is denied.

### B. Motion for Intradistrict Transfer

Newmont USA seeks to transfer the present suit to the unofficial Northern Division of the United States District Court, District of Nevada. ECF No. 5. 28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As part of a district court's inquiry, the Court balances private and public interest factors affecting the convenience of the forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981). Private factors include the relative ease of access to evidence; the cost of obtaining, and availability of, witnesses; and other practical problems that make trial of a case "easy, expeditious, and inexpensive." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). Public factors include the "local interest in having localized controversies decided at home" and "the unfairness of burdening citizens in an unrelated forum with jury duty." Id.

Local Rule (LR) IA 1-6 reads, in pertinent part, "The State of Nevada constitutes one judicial district, [and] [t]he district has two unofficial divisions." Elko and Eureka are part of the Northern Division. See LR IA 1-6. The Local Rules further explain, "civil actions must be filed in the clerk's office for the unofficial division of the court in which the action allegedly arose." IA 1-8(a).

This suit should be tried in the unofficial Northern Division of the United States District Court, District of Nevada. Skinner's Complaint clearly states that "at all relevant times giving rise to the claims asserted, Plaintiff was employed in Elko, Nevada by Newmont [USA]." ECF No. 1, ¶ 5. Because all relevant events took place in Elko (or Eureka), the evidence and witnesses necessary for adjudicating this case will likely all come from around that area. Likewise, should this case go to trial, the jury ought to be composed of citizens from the forum near where the events took place. Accordingly, pursuant to Local Rule IA 1-8(a) and the facts outlined above,

the Court shall transfer this suit to the unofficial Northern Nevada Division.

**IV.    Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Newmont Mining Corporation, Newmont Gold Company, and Newmont Ventures LTD for lack of subject matter jurisdiction (#4) is **GRANTED** without prejudice;

**IT IS FURTHER ORDERED** that Defendant's 12(b)(6) Motion to Dismiss (#4) is **GRANTED** in part and **DENIED** in part;

**IT IS FURTHER ORDERED** that Defendant's Motion for Intradistrict Transfer (#5) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **TRANSFER** this case to the unofficial Northern Division of the United States District Court, District of Nevada;

**IT IS FURTHER ORDERED** that the Clerk of the Court retain the Honorable Kent J. Dawson as presiding judge and assign a new magistrate judge located in the Northern Division.

DATED this 2nd day of August 2019.

_____

Kent J. Dawson
United States District Judge